UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ESAU DOZIER,

      Petitioner,

vs.

DWIGHT NEVEN, *et al.,*

      Respondents.

2: 08-cv-00489 KJD-GWF

**ORDER**

      This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Pending before the court is respondents' motion to dismiss. (Docket #20.) Petitioner opposes the motion.

**PROCEDURAL HISTORY**

      On February 5, 2005, in the Second Judicial District Court, judgment was entered against petitioner following a jury trial. Index, Exhibit 3. Petitioner was adjudged guilty of the following felonies: counts I and II – robbery with the use of a firearm (NRS 200.380 and 193.164), and count III – burglary (NRS 205.060). Remittitur issued on February 9, 2006. Index, Exhibit 5.

      On February 12, 2007, petitioner filed a petition for writ of habeas corpus in state court. Index, Exhibit 6. On April 3, 2007, the district court entered an order denying the petition,

finding that it was filed more than one year after the Nevada Supreme Court issued its remittitur on direct appeal. Index, Exhibit 7. Notice of entry was made on April 5, 2007. *Id*.

Petitioner filed a notice of appeal from the order denying his state court petition on May 7, 2007. Index, Exhibit 9. The Nevada Supreme Court entered its order dismissing the appeal on December 28, 2007, affirming the finding of procedural default. Index, Exhibit 10. Remittitur issued on January 25, 2008. Index, Exhibit 11.

On April 17, 2008, this court received petitioner's present *pro per* petition for writ of habeas corpus. (Docket #1-2.) The petition provides no information as to when the petition was mailed or handed to a correctional officer for delivery to this court, that portion of the form petition having been left blank. On July 13, 2009, the court entered an order denying petitioner's motion for a stay, and dismissing counts 2, 4, 5, 6, and 7. (Docket #14.) Respondents filed their motion to dismiss grounds 1 and 3 on November 13, 2009. (Docket #20.) Petitioner filed his opposition on November 30, 2009. (Docket #22.)

**LEGAL STANDARDS**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state

court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**DISCUSSION**

Respondents move to dismiss this petition on the ground that it is barred by the statute of limitations. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes

to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. *See, e.g., O'Bremski v. Maass*, 915 F.2d 418, 420 (1991); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989); *Hillery v. Pulley*, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the court will review respondents' motion to dismiss pursuant to its authority under Rule 4.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall

not be counted toward any period of limitation under this subsection.

In this case, petitioner's judgment became final ninety days from the entry of the Nevada Supreme Court's order denying his direct appeal, when the period for seeking review in the United States Supreme Court expired.[1]  *See Barefoot v. Estelle*, 463 U.S. 880, 887 (1983); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the United States Supreme Court).  The period between when direct review becomes final and the filing of a state habeas petition is not tolled; tolling begins when the state habeas petition is filed.  *Raspberry v. Garcia*, 448 F.3d 1150, 1153 n. 1 (9th Cir.2006) (quoting *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999))  Thus, the statute of limitations began running on April 11, 2006, and ran until February 12, 2007, when petitioner filed his state court habeas corpus petition.  During that time period, 307 days elapsed.  Another 80 days elapsed from January 25, 2008, when the Nevada Supreme Court issued its remittitur on the order dismissing petitioner's appeal of the denial of his habeas petition, until petitioner filed the present action in this court on April 14, 2008.[2]   Thus a total of 387 days expired before petitioner filed his petition in this court, exceeding the one-year statute of limitations.

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time.  *Calderon v. U.S. Dist. Ct. (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998), *citing Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds*

---

[1] See Sup.Ct. R. 13(1)

[2] As respondents note, petitioner did file an appeal with the Nevada Supreme Court resulting in the docketing of Nevada Supreme Court Case No. 48912.  Index, Exhibit 1.  The appeal was dismissed on April 26, 2007, on the ground that petitioner had failed to designate an appealable order.  Index, Exhibit 8.  Thus, Nevada Supreme Court Case No. 48912 is not a "properly filed" appeal under the AEDPA and had no tolling effect on the statute of limitations.

1  *by*, Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that
2  "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if
3  'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on
4  time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to
5  file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v.*
6  *Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), *citing Kelly*, 163 F.3d at 541; *Beeler*, 128 F.3d at
7  1288-1289.

8        In opposing respondents' motion to dismiss, petitioner does not argue that he is entitled to
9  equitable tolling, but rather argues that respondents have miscalculated this running of the statute of
10 limitations.  Petitioner is mistaken.  As stated above, respondents' calculations of the statutory
11 tolling period include the ninety days following direct appeal in which an appellant can file a petition
12 for a writ of certiorari in the United States Supreme Court.  This ninety-day period, however, is
13 applicable to the decision on direct appeal only, and not to the decision on a petition for writ of
14 habeas corpus.  The court must therefore conclude that the present petition for writ of habeas corpus
15 is barred by the statute of limitations.

16       In order to proceed with an appeal, petitioner must receive a certificate of appealability.
17 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-
18 951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).
19 Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to
20 warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473,
21 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district
22 court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at
23 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the
24 issues are debatable among jurists of reason; that a court could resolve the issues differently; or that
25 the questions are adequate to deserve encouragement to proceed further. *Id.*

26       Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section

2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss is **GRANTED**. (Docket #20.)   This petition is dismissed as barred by the statute of limitations.

**IT IS FURTHER ORDERED THAT** all pending motions are denied as moot.

**IT IS FURTHER ORDERED THAT** a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED THAT** the clerk is directed to enter judgment for respondents and to close this case.

DATED: August 9, 2010

_____
UNITED STATES DISTRICT JUDGE