UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ESAU DOZIER, | ) | |
| | ) | |
| Petitioner, | ) | 2:08-cv-00489-KJD-GWF |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| DWIGHT NEVEN, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |
| | / | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. On August 9, 2010, the court entered an order granting respondents' motion to dismiss this action as barred by the statute of limitations. (ECF No.25.) On December 7, 2010, the court denied petitioner's motion requesting reinstatement of his petition. (ECF No.27.) Petitioner argued that the court should not count against him the time period from February 12, 2007, to January 25, 2008, when his post-conviction habeas case was pending in the Nevada District Court. As set forth in this court's order dismissing this case (ECF No. 25), and reiterated in the court's order denying petitioner's motion to reinstate his petition (ECF No. 29), the court did not count that time period against petitioner. Petitioner now moves to vacate the court's order denying his motion to reinstate his petition. (ECF No. 32.)

Petitioner seeks relief under Fed. R. Civ. Pro. 60(b)(6). Petitioner argues that in its order denying his motion to reinstate his petition, the court did not apply the correct legal standard. According to petitioner, the court should have equitably tolled the statute of limitations because the lack of meaningful access to the courts in prison impeded his ability to timely filed his petition in this court.

Petitioner also states that his motion is intended to challenge the court's prior order by way of "a new and independent action to vacate the judgment." (ECF No. 32, at 2.) Petitioner reiterates that the instant motion should not be a continuation of this case. (*Id*. at 4.) Petitioner makes much of this procedural distinction. However, if petitioner's motion were reviewed as an independent action under Fed. R. Civ. P. 60(d)[1] either by this court or another court, the inquiry would be more rigorous than the inquiry under Fed. R. Civ. P. 60(b). *See United States v. Beggerly*, 524 U.S. 38, 46 (1998) (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 244 (1944) ("Independent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of *res judicata*."). As discussed below, because petitioner fails to meet the lower standard under Fed. R. Civ. P. 60(b), he would also fail to meet the higher standard for relief under Fed. R. Civ. P. 60(d).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick*

---

[1] Fed R. Civ. P. 60(d)(1) provides: "This rule does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order, or proceeding . . . ."

1  *Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987).  In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).  "A party is entitled to relief under Rule 60(b)(6) where 'extraordinary circumstances prevented [him] from taking timely action to prevent or correct an erroneous judgment.'" *Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. Cal. 2004) (alteration in original) (quoting *Greenawalt v. Stewart*, 105 F.3d 1268, 1273 (9th Cir. 1997)).

  In the instant case, petitioner fails to demonstrate the existence of extraordinary circumstances. Petitioner seeks to have the court consider an equitable tolling argument premised on the inadequacy of access to legal materials at the prison.  However, such an argument was available to petitioner when he previously opposed dismissal of this action.  His failure to raise his equitable tolling argument earlier, and his belated attempt to do so now, does not amount to extraordinary circumstances warranting relief from the court's judgment.  In sum, petitioner has failed to make an adequate showing under Rule 60(b) to justify granting his motion to vacate the judgment.

  **IT IS THEREFORE ORDERED** that petitioner's petition to vacate judgment (ECF No. 32) is **DENIED**.

  **IT IS FURTHER ORDERED** that petitioners motion for the appointment of counsel (ECF No. 31) and conditional acceptance (ECF No. 34) are **DENIED** as moot.

  DATED:  May 23, 2011.

  _____
  UNITED STATES DISTRICT JUDGE