UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ESAU DOZIER,<br><br>　　　　　　Petitioner,<br>　v.<br>DWIGHT NEVEN, et al.,<br><br>　　　　　　Respondents. | Case No. 2:08-cv-00489-KJD-GWF<br><br>ORDER |

On August 9, 2010, this court dismissed petitioner Esau Dozier's *pro se* 28 U.S.C. § 2254 habeas petition with prejudice as time-barred (ECF No. 25). Judgment was entered (ECF No. 26). Now before the court is Dozier's counseled motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Dozier asks this court to vacate the order and judgment dismissing his petition as untimely. Respondents opposed (ECF No. 43), and Dozier replied (ECF No. 47). As discussed below, Dozier's motion shall be granted.

**I.　　Background & Procedural History**

On December 7, 2004, a jury convicted Dozier of two counts of robbery with use of a firearm and one count of burglary in state case no. CR03-1842 (exhibit 31).[1] He was sentenced to three terms of 72 to 180 months, with 2 consecutive like terms of 72 to 180 months for the deadly weapon enhancement. Exh. 37. Judgment of conviction was entered on February 15, 2005. *Id.*

---

[1] Unless otherwise noted, exhibits referenced in this order are exhibits to petitioner's motion for relief from judgment, ECF No. 36, and are found at ECF Nos. 37-40.

1

Dozier appealed, and the Nevada Supreme Court affirmed his convictions on January 11, 2006. Exh. 56. Remittitur issued on February 7, 2006. Exh. 57. On June 22, 2006, Dozier filed a motion to correct illegal sentence challenging his sentence in this case as well as in state case no. CR04-1978.[2] Exh. 60.

On February 12, 2007, Dozier filed a state postconviction petition challenging his convictions in both cases. Exh. 64. He also filed a second motion to correct illegal sentence on September 4, 2007. Exh. 77.

The Nevada Supreme Court consolidated its decision on the first motion to correct illegal sentence with its decision on the state postconviction petition. Exh. 81. On December 28, 2007, the Nevada Supreme Court issued its order denying the motion to correct illegal sentence and affirming the denial of the postconviction petition as procedurally barred.[3] *Id.* Remittitur issued on January 22, 2008. Exh. 85.

Dozier dispatched this federal habeas petition for filing on April 14, 2008 (ECF No. 6). Before ordering the petition to be served, this court issued a show-cause order directing Dozier to demonstrate that certain grounds were not subject to dismissal as duplicative, unexhausted, or procedurally defaulted (ECF No. 5). The court ultimately dismissed grounds 2, 4, 5, 6, and 7 and then ordered the petition be served and that respondents file a responsive pleading to grounds 1 and 3 only (ECF No. 14).

Respondents filed a motion to dismiss grounds 1 and 3 as untimely (ECF No. 20). This court granted the motion on August 9, 2010, judgment was entered, and this case was closed (ECF Nos. 25, 26). Dozier filed a motion requesting reinstatement of the case and a petition to vacate order denying motion to reopen case; this court denied both motions (ECF Nos. 27, 29, 32, 35).

**II.    Petitioner's Rule 60(b)(6) Motion**

Dozier, through the Federal Public Defender, filed a motion for relief from judgment on April 11, 2017 (ECF No. 36). He argues that he can satisfy the

---

[2] Dozier entered into a guilty plea agreement in case no. 1978. Exh. 38.
[3] The Nevada Supreme Court held that the petition was untimely pursuant to NRS 34.726(1).

2

requirements for relief from judgment under Fed. R. Civ. P. 60(b)(6) – "any other reason that justifies relief." A movant seeking relief under Rule 60(b)(6) must show "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). Such circumstances "rarely occur in the habeas context." *Id.*

When respondents filed their motion to dismiss grounds 1 and 3 as time-barred, they provided 11 exhibits from the state-court record, including Dozier's judgment of conviction in state case no. 1842, the Nevada Supreme Court's order affirming the convictions, and the Nevada Supreme Court order affirming the denial of the state postconviction petition (ECF No. 20-2). Respondents demonstrated that Dozier filed a timely notice of appeal, the Nevada Supreme Court affirmed the convictions on January 11, 2006, remittitur issued on February 9, 2006, and the time to petition the United States Supreme Court for a *writ of certiorari* expired on April 11, 2006 (ECF No. 20, 20-2). *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (conviction becomes final after 90-day period for seeking *certiorari* in Supreme Court expires); Sup. Ct. Rule 13(3) (time to file cert. petition runs from date of order denying rehearing).

Respondents demonstrated that 307 days elapsed from April 11, 2006, until Dozier filed a state postconviction petition on February 12, 2007. *Id.* They also demonstrated that 80 days passed from the date remittitur issued on the order affirming the denial of his state postconviction petition on January 25, 2008, and April 14, 2008, the date Dozier filed this federal petition. Accordingly, respondents represented to this court that 387 untolled days elapsed before Dozier filed his federal petition, and it was, therefore, untimely. *Id.* Dozier opposed, arguing that his petition was timely (ECF No. 22). However, the calculation that he set forth to reach his conclusion was incorrect. *Id.* This court granted the motion and dismissed the petition as time-barred (ECF No. 25).

The Federal Public Defender was appointed to represent Dozier in another federal habeas petition that Dozier initiated in 2015. 3:15-cv-00043-RCJ-WGC (ECF

3

No. 7).  Dozier's counsel informs this court that in the course of reviewing Dozier's habeas litigation for the purposes of the newer case, she discovered the basis for the instant Rule 60(b)(6) motion (ECF No. 36).  That basis is as follows:  respondents are required under Habeas Rule 5 to provide the relevant portions of the state-court record.  This court's order directing respondents to file an answer to grounds 1 and 3 also specifically stated: "respondents shall file copies of the state court record materials that are relevant and material to the procedural defenses asserted therein . . . ." (ECF No. 14, also stating that respondents shall include items listed in Habeas Rule 5(d)).  However, respondents had failed to provide all of the state-court record relevant to whether Dozier's federal petition was timely.  They failed to disclose to the court that Dozier had filed the motion to correct illegal sentence on June 22, 2006.  Accordingly, even assuming (without deciding) that the statute of limitations is calculated without taking into consideration the second motion to correct illegal sentence, only about 160 days of untolled time had elapsed before Dozier filed his federal petition.

Respondents now argue that they "simply had no duty to make Dozier's tolling argument for him and provide the court with evidence of his potential defenses" (ECF No. 43, p. 5).  They contend that they had no obligation to provide Dozier's motions to correct illegal sentence because they were not relevant to respondents' position that Dozier's petition was untimely on its face.  These arguments are disingenuous, at best.  Respondents failure to provide the complete state-court record relevant to their claim that the *pro se* petition was time-barred amounts to an affirmative misrepresentation to this court.[4]

Respondents contend that the motion to correct illegal sentence was not a properly filed motion that tolled the AEDPA statute of limitations and that the first motion

---

[4] Notably, the Nevada Supreme Court affirmed the denial of the motion to correct illegal sentence and of the state postconviction petition *in the same order*.  Exh. 81.  It strains credulity to think that respondents were somehow unaware of the motion to correct illegal sentence; also worthy of note is the fact that respondents do not make such an argument here.

4

to correct illegal sentence did not challenge state case no. 1842. Both arguments are patently incorrect. 28 U.S.C. § 2244(d)(2); exh. 60.

Respondents also complain that seven years passed between this court dismissing the petition as untimely and Dozier's Rule 60(b)(6) motion. Dozier filed many *pro se* responses with this court as he tried to navigate the court's show-cause order and respond to the motion to dismiss. And, indeed, he was correct in opposing the motion to dismiss and arguing that his petition was timely, though he failed to set forth the proper calculation. This court is far more troubled by the seven-year delay in adjudicating the merits of Dozier's petition.

Respondents' failure to provide the relevant state-court record prevented a just and efficient resolution of this petition and constitutes extraordinary circumstances that justify the reopening of this case. *Gonzalez*, 545 U.S. at 535. Dozier's motion for relief from judgment is granted. Respondents shall file an answer to grounds 1 and 3.

**III.    Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's Rule 30(b)(6) motion for relief from judgment (ECF No. 36) is **GRANTED**. This court's August 9, 2010 order dismissing the petition (ECF No. 25) and the judgment (ECF No. 26 are both **VACATED**.

**IT IS FURTHER ORDERED** that the Clerk **SHALL REOPEN** this case.

**IT IS FURTHER ORDERED** that respondents shall file their answer to grounds 1 and 3 within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that petitioner will have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that respondents' two motions for extension of time to respond to the Rule 60(b)(6) motion (ECF Nos. 41, 42) are both **GRANTED** *nunc pro tunc.*

**IT IS FURTHER ORDERED** that petitioner's motion for extension of time to reply in support of his motion (ECF No. 44) is **GRANTED** *nunc pro tunc*.

DATED: 26 February 2018.

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE